Lomax, J.
delivered the opinion of the Court.
The record of the proceedings in this case omits the presentment on which the information is stated to have been founded: and it omits every other proceeding in the Circuit court prior to filing the information. In this apparent diminution of the record, the materials are defective for enabling this Court to pronounce an opinion entirely satisfactory to itself, in answer to the questions *701 propounded for its consideration. This Court wishing not to protract the delay which the adjournment of questions of law from the Circuit courts always tends to produce in the administration of criminal justice, refrains, upon the present occasion, from taking any proceedings for supplying the diminution alluded to in this record. To obviate that necessity, it will presume, therefore, that the presentment and other proceedings introduced as the foundation for the leave which was granted for filing the information, were regular and sufficient ; and that the information duly conforms to the matters set forth as the inducement for allowing it.
The first question propounded in the case adjourned, is, “ Ought the Court to allow the attorney for the Commonwealth to make the amendments proposed by him ?” Upon this record, as it has been certified, this Court would answer, that it perceives no reason why the Court below, in the exercise of its judicial discretion, upon fuller materials before it than this Court upon this record possesses, may not allow the suggested amendments to be made in the information by the Commonwealth’s attorney. If, indeed, upon reviewing the initiatory proceedings upon which the information is founded, the case be essentially defective, not furnishing a sufficient warrant for any information at all, (which this Court cannot discover, and will not presume was the case,) there could be no propriety in allowing amendments in a prosecution unsustainable with or without such amendments.
As to the second and third questions propounded in the adjourned case in regard to a motion of the defendant to quash the information in its present shape, or in the shape it may assume after it is amended in the particulars which have been proposed, this Court is of opinion that, as a rule of practice in criminal cases, no indulgence should be shewn for entertaining motions to quash informations or indictments, beyond those limits *702 which have been settled by the rules that have been » adjudicated in such cases. The practice in regard to motions for quashing indictments, is stated in Arch. Cr. Pl. 61, &c.; and 1 Chitt. Cr. Law 299, &c. It is stated by the latter author, (p. 299,) that though quashing the indictment is matter for the discretion of the Courts, they are guided by certain rules in its exercise: which he then proceeds to examine. And he says, (p. 300,) that “the Courts usually refuse to quash on the application of a defendant, when the indictment is for a serious offence, unless upon the clearest and plainest ground ; but will drive the party to a demurrer, or motion in arrest of judgment, or writ of error; and it is therefore a general rule, that no indictments which charge the higher offences, as treason or felony; or those crimes which immediately affect the public at large, as perjury, forgery, extortion, conspiracies, subornation, keeping disorderly houses, or offences affecting the highways, not executing legal process, will be thus summarily set aside.” In regard to motions to quash informations, which are of two kinds, (informations filed ex officio by the Commonwealth’s attorney, or at the instance of a prosecutor,) little has been said by either of the writers who are above referred to. See Arch. Cr. Pl. 73; 1 Chitt. Cr. Law 869 : nor do they furnish any warrant for indulging the Court in a greater latitude upon a motion for quashing an information, than for quashing an indictment. Indeed, in regard to the former, the rule is stated by Chitty, (1 Cr. L. 869,) with much more restriction. After stating the practice as to amendment of informations, he says that the Court will not quash an information on motion of the defendant, except it appear that the Court has no jurisdiction to try it. Without stopping to enquire whether the practice as to motions to quash informations may not have been carried further than the solitary class of cases stated by Chitty, we are at least warranted to *703 say, upon authority, that the spirit of criminal practice seems not to have extended a greater liberality to the entertainment of motions to quash informations than indictments. There seems to be some reason why the Courts should not interpose in a summary way to quash an indictment unless upon the clearest and plainest ground; because the indictment is the finding of a grand inquest of the County or State, and therefore ought not, without some strong apparent necessity, to be set aside by the summary interposition of the authority of the Judge. There would seem, in regard to motions on the part of defendants to quash informations, a striking incompatibility in moving before the Court to quash a proceeding which has been instituted, and can only be instituted, by leave of the same Court, upon a previous presentment or other initiatory proceeding, which it is to be supposed was duly examined and considered at the time that leave was given: and which the rule, upon which all informations must be filed, under our act of assembly, afforded the defendant an opportunity, upon the return of the rule, to have opposed.
Too great a facility in entertaining motions to quash indictments or informations for misdemeanors, tends greatly to embarrass and perplex, and in many instances to delay, the administration of criminal justice. And that delay is yet more inconveniently protracted, if questions upon such motions should, without some strong reason, be adjourned to this Court, as questions of novelty and difficulty.
The statute of jeofails in criminal cases, springs out of a wise and salutary policy; and the Court ought not to encourage a practice which tends to secure the defendant in an evasion from its provisions; as will be the effect if such motions to quash are entertained as matters of course, or are allowed beyond those limits which the convenience of criminal practice has affixed. Such motions, if too freely allowed, will be resorted to by de *704 fendants merely for the purpose of retaining in the cause after verdict, upon error, questions which it was the design of the Legislature should be concluded by the verdict. The practice in the common law course of proceeding by demurrer or plea in abatement, or arrest of judgment, or writ of error, usually secures to the defendant in the amplest manner, at the proper stages of the cause, the privilege of making every legal objection that may be available against the indictment or information that he is called upon to answer. There seems no sufficient reason, why the defendant should 'by the mere indulgence of the Court, on a summary motion, be allowed to extricate himself from the regular course of proceedings, and their consequences, by moving to quash, “unless upon the clearest and plainest ground,” the Court manifestly discovers that the prosecution is utterly unsustainable, as will be found in the cases decided in regard to this practice. This Court is therefore of opinion, that motions to quash indictments and informations, should not be entertained, but within those limits which the rules of practice have heretofore established; and that in all cases not within those limits, the motion to quash should be refused, and the defendant put to his demurrer, or plea, or other proceeding pointed out by the common law. And such, this Court thinks, should be the answer given by it to the other questions which have been adjourned from the Circuit court of Harrison, in this record.
In the case of the Commonwealth v. Clark, decided at this term, upon a motion to quash, adjourned to this Court, it was manifest that in the indictment, no offence whatever was charged.
Thee ertificate of this Court to the Court below, upon the question adjourned, is, that this Court perceives no •reason in the record why the Court below should not, .in the exercise of its discretion, allow the amendments asked for to be made in the information.
*705 And as to the 2d, 3d and 4th questions adjourned, this Court thinks, that the motion of the defendant to quash, should not be allowed by the Court below; but that the defendant should be put to his demurrer to the information.